Case 5:21-cv-05094-TLB   Document 3   Filed 05/25/21   Page 1 of 17 PageID #: 23

ELECTRONICALLY FILED
Washington County Circuit Court
Kyle Sylvester, Circuit Clerk
2021-Apr-20 17:25:56
72CV-21-829
C04D05 : 14 Pages

## IN THE CIRCUIT COURT OF WASHINGTON COUNTY ARKANSAS
## CIVIL DIVISION

**LAURA POWERS**                                                           **PLAINTIFF**

**VS.**                     **CASE NO. 72CV-21-_____**

**RELIANCE HEALTH CARE, INC. d/b/a**
**WESTWOOD HEALTH AND REHAB**                          **DEFENDANT**

### COMPLAINT

Laura Powers comes before this Court and for her Complaint against Westwood Health and Rehab states:

### I. INTRODUCTION

1. At all times described in this Complaint and relevant thereto, Plaintiff, Laura Powers ("Powers"), was duly employed by Defendant Westwood Health and Rehab ("Westwood") - that is until she was no longer employed for the unlawful reasons set forth herein.

2. Powers brings this action against Westwood for all appropriate relief and damages suffered due to its violations of her rights under the Arkansas Civil Rights Act ("ACRA"), Ark. Code Ann. Section 16-123-101 *et. seq*, the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA").

### II. JURISDICTION AND VENUE

3. Westwood Health and Rehab is a for-profit corporation but a citizen of Arkansas, with its principal place of business and nerve center located in Washington County, Arkansas.

4. Powers is an Arkansas citizen who was previously employed by Westwood Health and Rehab. She currently resides in Washington County.

5. Powers filed a Charge of Discrimination, Charge No. 493-2020-00902, on May 19, 2020, based upon age, disability, and retaliation with the Equal Employment Opportunity Commission ("EEOC").

6. Pursuant to Ark. Code. Ann. Section 16-123-107(c)(4) Any action based on employment discrimination in violation of subdivision (a)(1) of this section shall be brought within one (1) year after the alleged employment discrimination occurred, or within ninety (90) days of receipt of a "Right to Sue" letter or a notice of "Determination" from the United States Equal Employment Opportunity Commission concerning the alleged unlawful employment practice, whichever is later.

7. The Plaintiff brings this action in light of the Right to Sue letter she received from the Equal Employment Opportunity Commission, which was originally mailed to her on January 20, 2021. The related EEOC Charge and Right to Sue Letter are attached as Exhibit A.

8. This Court has subject matter jurisdiction pursuant to Ark. Code Ann. Section 16-123-101 *et. seq.* This Court has concurrent jurisdiction over the Plaintiff's federal claims under Title VII. *See Yellow Freight Sys. v. Donnelly*, 494 U.S. 820, 823-26, 110 S.Ct. 1566, 108 L.Ed.2d 834 (1990).

9. Venue is proper in this Court due to the events giving rise to this claim having taken place in this judicial district, and Defendant is a citizen of this judicial district.

## II. STATEMENT OF FACTS

10. At all times relevant, Powers has been a protected person under the ACRA, the ADA, and the ADEA. She is 59 years old and is a qualified person with a disability of which Westwood was keenly aware.

11. Powers was hired by Westwood on or about October 27, 2010 as a Certified Nursing Aide ("CNA").

12. On or about February 10, 2020, Powers became a Restorative Nursing Aide ("RNA").

13. CNAs and RNAs have similar job responsibilities, but the job of RNA builds upon the skills learned as a CNA.

14. On or about November 2019, Kerrie Lorenz became Westwood's Administrator.

15. On or about January 22, 2020, Powers experienced mistreatment from the Westwood staff. On that day, Powers was informed by Kim Hutcheson that some duties would become hers alone to perform. The other employee who had formerly been responsible for those tasks told Hutcheson that she would still help Powers complete those tasks when she could, given that Powers stayed very busy at work. Hutcheson told that employee that she was not allowed to help Powers with that task anymore, and that Powers had to do it by herself.

16. On or about February 26, 2020, Powers was told to report to Hutcheson's office. Powers reported there and was told that Powers would be working on the floor in the South Hall more often. Powers told Hutcheson that she would put in 100% of her ability despite being less strong than she used to be due to her disabilities (heart condition and lumbar spinal stenosis).

17. At that time, Hutcheson told Powers to go to Lorenz' office and tell her that she is not as strong as she used to be. Powers went to Lorenz' office and Lorenz asked her why she wasn't as strong as she used to be. Powers explained that she had a silent heart attack recently, and that her orthopedic doctor had diagnosed her with Lumbar Spinal Stenosis which sometimes caused her to feel weak. She also explained to Lorenz that her doctor had advised Powers to briefly sit or lean on something to relieve pressure when her disability started to affect her, then resume her activity.

18. Following that conversation, Powers went back to work briefly before Hutcheson came up to her waving papers in her face. Hutcheson was holding Powers' medical records, and yelled at Powers asking "if this is what she calls cardiac restrictions." Powers explained that the records Hutcheson was holding were her doctor's notes from when she broke her elbow back in 2018.

19. Hutcheson continued to yell at Powers, telling her that she needed to provide cardiac restrictions. Powers again explained that she did not have cardiac restrictions that prevented her from doing the tasks currently within her job description. Powers asked if Hutcheson would stop yelling at her and would be willing to check her files with HR to see a list of her disabilities and restrictions. Hutcheson did not stop yelling.

20. As a result of Hutcheson's insistent yelling, Powers started to feel her heart racing and felt uneasy. She told Hutcheson to please stop yelling and let her know that she wasn't feeling well. Hutcheson told her to leave work right now and go to the hospital. Powers followed her direction and went to her cardiologist. The

cardiologist diagnosed Powers with tachycardia and elevated blood pressure, and told her to rest for two days and return to work on Monday.

21. Following her doctor's orders, Powers called Hutcheson when she left her appointment and told her that she would be returning to work on Monday and would have a doctor's note to explain her absence.

22. On or about March 2, 2020, Powers tried to clock in at 6:55 am and was met by a coordinator who told her to report to the administration office before she could clock in.

23. Powers went to meet with Lorenz who asked her about her restrictions. Powers reminded her that she could still complete her job responsibilities, despite her disability status. Lorenz told Powers that only qualified employees could work the floor and Powers was not qualified. Powers again reminded her that she works every day and performs her job well.

24. At that point, Lorenz told Powers that she had been discussing Powers' job with another administrator, and they had determined that she had to be able to do her job like she did when she was hired, or she would need to find another job. Lorenz asked what Powers' plan was, now knowing what her options were, and Powers told her that she would continue to do her job according to the job description and would put in her best effort to complete the job well. Lorenz told Powers to get back to work and that she would speak to her again in the afternoon.

25. Ten minutes later, Lorenz paged Powers to her office yet again. Lorenz asked "I'm going to ask you again, can you do your job like you did when you were hired to do it?" Powers stated that she was weaker than she was ten years prior when she was hired, but that she ultimately could complete her job duties. Lorenz then said "well,

it's natural age progression I'm sure but it doesn't change the facts, I'm going to have to let you go."

26. Powers followed up and asked Lorenz if she was being fired because she couldn't work like she did when she was 49 years old, before she had any health issues. Lorenz agreed that was why Powers was being fired, and added that Powers could no longer pull her weight and it wasn't fair to the other staff members to have to work with Powers.

27. Powers asked for a termination letter explaining these reasons for her firing, but Lorenz refused to give her a written letter.

28. On that day, Powers was terminated from her employment at Westwood, based on her disability and her age.

## III. CAUSES OF ACTION

### COUNT 1 - VIOLATION OF ARKANSAS CIVIL RIGHTS ACT

Arkansas Code Annotated § 16-123-107

29. Powers incorporates and re-alleges the preceding paragraphs of this Complaint as if fully set forth herein.

30. Powers is a person entitled to protection from discrimination based on her disability under ACRA, Ark. Code Ann. Section 16-123-107 in that she is a person who at all times has been a qualified person with a disability.

31. By and because of the Defendants' discriminatory acts stated in the facts above, namely Westwood's abject failure to accommodate her disabilities, Plaintiff was terminated and as such has suffered loss of pay, pecuniary damages, damages for emotional distress and anxiety and other associated fees and costs.

### COUNT 2 - VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

42 U.S.C. § 12101

32. Powers incorporates and re-alleges the preceding paragraphs of this Complaint as if fully set forth herein.

33. Powers is a person entitled to protection from discrimination based on her disability under the ADA, Section 102 in that she is a person who at all times has been a qualified person with a disability.

34. By and because of the Defendants' discriminatory acts stated in the facts above, namely Westwood's abject failure to accommodate her disabilities, Plaintiff was terminated and as such has suffered loss of pay, pecuniary damages, damages for emotional distress and anxiety and other associated fees and costs.

## COUNT 3 - VIOLATION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT

29 U.S.C. 621 § *et. seq.*

35. Powers incorporates and re-alleges the preceding paragraphs of this Complaint as if fully set forth herein.

36. Powers is a person entitled to protection from discrimination based on her age under the ADEA, Section 4 in that she is a person who at all times has been a member of a protected class.

37. By and because of the Defendants' discriminatory acts stated in the facts above, namely Westwood's acknowledgement that while Powers was still able to perform her job duties to the standards necessary, she was in fact getting older and thus, at the age of 59, Plaintiff was terminated and as such has suffered loss of pay, pecuniary damages, damages for emotional distress and anxiety and other associated fees and costs.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Laura Powers respectfully prays for a jury trial, judgment against Defendants awarding all damages suffered by her in excess of $75,000 as required for federal diversity jurisdiction, punitive damages (if warranted and appropriate), costs of litigation including attorneys' fees; and other relief of which this Court deems just and proper.

                                        Respectfully Submitted,

                                        Laura Powers, Plaintiff

                                        By: /s/ Courtney A. Brooks
                                        Courtney A. Brooks, 2020246
                                        MILLER BUTLER SCHNEIDER
                                        PAWLIK ROZZELL PLLC
                                        224 S. 2nd Street Rogers AR 72756
                                        479-621-0006
                                        cbrooks@arkattorneys.com

EXHIBIT A

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | Amended |
| ☒ EEOC | 493-2020-00902 |

null _State or local Agency, if any_ and EEOC

| Name (Indicate Mr., Ms., Mrs.) | Home Phone | Year of Birth |
|---|---|---|
| MS. LAURA M POWERS | (479) 848-3659 | 1960 |

Street Address: PO BOX 69, MORROW, AR 72749

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| RELIANCE HEALTH CARE INC DBA WESTWOOD HEALTH AND REHAB | 15 - 100 | (479) 756-1600 |

Street Address: 802 S WEST END ST., SPRINGDALE, AR 72764

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☒ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 12-23-2019  Latest: 03-02-2020
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

_Laura Powers_
Digitally signed by Laura Powers on 05-19-2020 01:09 PM EDT

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)
5-26-2020

MOLLY C. MORTON
WASHINGTON COUNTY
NOTARY PUBLIC ARKANSAS
Commission Expires November 14, 2026
Commission No. 12368833

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION<br>This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | Charge Presented To:<br>☐ FEPA<br>☒ EEOC | Agency(ies) Charge No(s):<br>493-2020-00902 |
|---|---|---|

null _____ and EEOC
*State or local Agency, if any*

I was hired on or about October 27, 2010, with my most recent position as Restorative Nursing Assistant. On December 23, 2019, I was physically assaulted by my Administrator. I reported the incident to another Manager. I was constantly yelled at by my Administrator and/or her finger was in my face. On February 5, 2020, my hours were reduced by 10 hours per month. I was discharged on March 2, 2020.

I was not given a reason for being harassed by my Administrator. I was told I was discharged because I no longer performed my job duties as I did 10 years ago. I was replaced by a less qualified and less experienced employee, who is 26 years my junior.

I believe I was harassed and discharged because of my age, 59, in violation of the Age Discrimination in Employment Act of 1967, as amended, and my disability, in violation of the Americans with Disabilities Act of 1990, as amended, and discharged in retaliation for filing a complaint against my Administrator.

---

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

*Laura Powers*
Digitally signed by Laura Powers on 05-19-2020 01:09 PM EDT

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT
*Molly C. Morton*

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)
5/26/2020

MOLLY C. MORTON
WASHINGTON COUNTY
NOTARY PUBLIC ARKANSAS
My Commission Expires November 14, 2028
Commission No. 12368833

EEOC Form 161 (11/16)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Laura M. Powers<br>PO Box 69<br>Morrow, AR 72749 | From: | Little Rock Area Office<br>820 Louisiana<br>Suite 200<br>Little Rock, AR 72201 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2020-00902 | Margie Myers,<br>Investigator | (501) 324-6214 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____     01/20/2021

Enclosures(s)     **William A. Cash, Jr.,**     *(Date Mailed)*
                **Area Office Director**

cc:
| Dawn Bicker<br>General Counsel<br>RELIANCE HEALTH CARE INC<br>824 Salem Rd. Suite 210<br>Conway, AR 72034 | Josh Bailey<br>HOGUE LAW FIRM PLLC<br>Po Box 4220<br>27 W Township<br>Fayetteville, AR 72702 |
|---|---|

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice.** (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
- An impairment may be substantially limiting even though it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**
- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

IN THE CIRCUIT COURT OF WASHINGTON COUNTY, ARKANSAS
4TH CIRCUIT DIVISION 5

LAUREN POWERS V WESTWOOD HEALTH AND REHAB

72CV-21-829

SUMMONS

**THE STATE OF ARKANSAS TO DEFENDANT:**

WESTWOOD HEALTH AND REHAB
824 Salem Road, Suite 210
Conway, AR 72034

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint. Within 30 days after service of this summons on you (not counting the day you received it) - or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas - you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

Courtney Alexa Brooks
224 South 2nd Street
Rogers, AR 72756

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices:
• Notice of Right to Consent to Disposition of Case by a State District Court Judge

CLERK OF COURT

Address of Clerks Office

KYLE SYLVESTER, CIRCUIT CLERK
CIRCUIT COURT OF WASHINGTON COUNTY
280 NO. COLLEGE, #302
FAYETTEVILLE, AR 72701

*Kim Giddens*

KIMBERLY GIDDENS, DC

Date: 04/21/2021

EXHIBIT A

## NOTICE OF RIGHT TO CONSENT
## TO DISPOSITION OF CASE BY A STATE DISTRICT COURT JUDGE

In accordance with Administrative Order Number 18, you are hereby notified that upon the consent of all the parties in a case, a State District Court Judge may be authorized to conduct all proceedings, including trial of the case and entry of a final judgment. Copies of appropriate consent forms are available from the Circuit Clerk.

You should be aware that your decision to consent or not to consent to the disposition of your case before a State District Court Judge is entirely voluntary, and by consenting to the reference of this matter to a State District Court Judge, the parties waive their right to a jury trial, and any appeal in the case shall be taken directly to the Arkansas Supreme Court or Court of Appeals as authorized by law.

You should communicate your consent by completing the Form -- CONSENT TO PROCEED BEFORE A STATE DISTRICT COURT JUDGE -- and return to the Circuit Clerk.

*Kim Giddens*

Circuit Clerk
Date: 04/21/2021

No. 72CV-21-829 This summons is for WESTWOOD HEALTH AND REHAB (name of Defendant).

## PROOF OF SERVICE

❏ On _____ [date] I personally delivered the summons and complaint to the individual at _____ [place]; or

❏ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

❏ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

❏ On _____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

❏ On _____ [date] at _____ [address], where the defendant maintains and office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with _____
[name and job description]; or

❏ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

❏ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

❏ Other [specify]: _____

❏ I was unable to execute service because: _____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____       SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____   By: _____
[Signature of server]

_____
[Printed name]

Address: _____
_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:
_____
_____